Filing # 75949990 E-Filed 08/03/2018 12:31:59 PM

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY
CIRCUIT CIVIL DIVISION**

**ALICIA HOGG, on behalf of herself and on behalf of all others similarly situated,**

**Plaintiff,**

**v.** **CASE NO.:**

**GCA SERVICES GROUP, INC,**

**Defendant.**
________________________________/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ALICIA HOGG ("Plaintiff"), by and through undersigned counsel, and on behalf of the Putative Class set forth herein, as well as in the public interest, brings the following Class Action as of right against Defendant, GCA SERVICES GROUP, INC, ("Defendant") under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 *et seq*. and states as follows

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x. The FCRA imposes several important requirements on employers that use a background checks as part of their hiring processes, which are designed to protect consumers like Plaintiff.

2. As part of its hiring processes, Defendant uses consumer reports (commonly known as background checks) to make employment decisions. Defendant represents to the public that it procures "upwards of twenty-five thousand (25,000)" background checks for employment purposes per year.

3. While the use of consumer report information for employment purposes is not per se unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

4. Defendant willfully violated these requirements in multiple ways, thereby systematically violating Plaintiff's rights and the rights of other Putative Class members.

5. For example, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other Putative Class members for employment purposes, without first making the statutorily-mandated disclosures to them in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its employees—**in a document that consists solely of the disclosure**—that it may obtain a consumer report on them for employment purposes. This disclosure must be made by employers prior to obtaining copies of employees', or prospective employees', consumers reports. *Id.*

6. Defendant willfully violated this requirement by failing to provide Plaintiff and other Putative Class members with a separate document consisting solely of Defendant's disclosure, stating that Defendant may obtain a consumer report on any person for employment purposes. Defendant also violated this requirement by failing to provide this disclosure to Plaintiff and other Putative Class members ***prior*** to obtaining a copy of the person's consumer report. (Emphasis added). This practice violates long-standing regulatory guidance from the Federal Trade Commission ("FTC").

7. Further, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports for Plaintiff and other Putative Class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

8. In response to Defendant's willful violations of the FCRA, Plaintiff asserts two class claims under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii), on behalf of a "Improper Disclosure and

Authorization Class," consisting of all of Defendant's employees and prospective employees in the United States who were the subject of a consumer report that was procured by Defendant within five years of the filing of this complaint through the date of final judgment in this action, and who did not receive a clear, conspicuous, separate form disclosure in writing, and did not authorize the procurement of the report in writing, as required under 15 U.S.C. § 1681b(b)(2)(A).

9. On behalf of and the Putative Class identified herein, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

**THE PARTIES**

10. Plaintiff ALICIA HOGG ("Plaintiff") lives in Daytona, Volusia County, Florida. Plaintiff is a former employee of Defendant, and is also a member of the Putative Class defined below.

11. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c)

12. Defendant is a Delaware corporation headquartered in Ohio, provides facility services including janitorial, driving, and maintenance services to corporate clients throughout the United States. At all relevant times, GCA has been a "person" within the meaning of the Fair Credit Reporting Act. 15 U.S.C. § 1681a(b).

**JURISDICTION AND VENUE**

13. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the FCRA.

14. This Court has personal jurisdiction over Defendant under the Florida Long Arm Jurisdiction Act, Fla Stat. Section 48.193.

15. Furthermore, this Court's exercise of personal jurisdiction is constitutionally sound. Through its operations throughout Florida, including in Volusia County, Defendant has established

sufficient minimum contacts with the State of Florida. Defendant employed Plaintiff in Volusia County Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

16. Venue is proper in Volusia County, Florida because the majority of the events giving rise to these claims occurred in this judicial circuit. Plaintiff worked for Defendant in Volusia County, Florida, and a substantial part of Plaintiff's claims arose in this judicial circuit where Defendant regularly conducts business.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Background Checks*

17. Defendant conducts background checks on the majority of its prospective employees as part of a standard screening process. In addition, Defendant also conducts background checks on its current employees from time to time during the course of their employment.

18. Defendant does not perform these background checks in-house. Rather, Defendant relies on various outside consumer reporting firms to obtain this information, and return the corresponding reports to Defendant. These reports are "consumer reports" within the meaning of the FCRA.

### *FCRA Violations Relating to the Improper Disclosure and Authorization Class*

19. Defendant procured consumer report information on Plaintiff in violation of the FCRA.

20. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a ***clear and conspicuous disclosure*** has been made in writing to the consumer at any time before the report is procured or caused to be

procured, ***in a document that consists solely of the disclosure*** that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized the procurement of the consumer report in writing (which authorization may be made on the document referred to in clause (i)).

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

21. Defendant failed to satisfy these unambiguous disclosure and authorization requirements.

22. Defendant does not have a stand-alone FCRA disclosure or authorization form that clearly and conspicuously states that a consumer report may be procured on prospective or current employees for employment purposes.

23. This practice violates the plain language of the FCRA, and also flies in the face of unambiguous case law and regulatory guidance from the FTC. *See EEOC v. Video Only, Inc.*, No. 06-1362, 2008 WL 2433841, at *11 (D. Or. June 11, 2008) (King, J., granting summary judgment to Plaintiffs on their FCRA claim on the grounds that:

> Video Only violated . . . 15 § 1681b(b)(2)(A)(I). This section provides that at any time before the report is procured, a disclosure is made in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes. Video Only disclosed this possibility as part of its job application, which is not a document consisting solely of the disclosure.

24. Defendant willfully disregarded this unambiguous case law and regulatory guidance, and it willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer report information on prospective or current employees and failing to comply with the disclosure and authorization requirements of the FCRA.

## FACTUAL ALLEGATIONS

24. On or about September 2016 Plaintiff applied for a position with Defendant in Volusia County, Florida.

25. After reviewing Plaintiff's qualifications, Defendant offered Plaintiff the position for which she had applied for.

26. Defendant told Plaintiff that its offer of employment was subject to the completion of a background check.

27. On or about September 2016, Defendant procured a consumer report on Plaintiff by using the services of a third-party vendor.

28. Pursuant to the FCRA, Defendant is required to disclose to its employees—in a document that consists solely of the disclosure—that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report.

29. Defendant's disclosure and authorization forms failed to follow the requirements of the FCRA.

30. The multi-page document contained a plethora of extraneous information in flagrant disregard of the FCRA's stand-alone disclosure mandate, including, but not limited to the following:

- The Disclosure Form included numerous items of information and authorizations that were unrelated to the disclosure, including the business logo of the consumer reporting agency;
- A broad authorization requiring Plaintiff and the putative class members to forego their legal rights. Graham v. Pyramid Healthcare Sols., Inc., No. 8:16-cv-1324-T-30AAS, 2017 U.S. Dist. LEXIS 99726, at *2-3 (M.D. Fla. June 28, 2017)
- An illegal agreement by which Plaintiff was forced to sign which purportedly allowed Defendant, or its representatives, to provide "any third party" with copies of the information and records Defendant obtained in Plaintiff's consumer report in connection with Defendant's services.
- An improper certification statement that all information provided to Defendant is true and correct and the consequences Plaintiff would be subjected to for submitting false information;

- An impermissible release of liability for Defendant, its representatives, and any other persons, corporations, or organizations in connection to the consumer report Defendant procured on Plaintiff;
- Further improper extraneous information that Plaintiff's employment is contingent on a drug test;
- At least four different state law notices informing consumers of their additional rights under California, Maine, Massachusetts, New York, and Washington (none of which impact the named Plaintiffs here);

31. In violation of 15 U.S.C. §§ 1681b(b)(2)(A)(i), Defendant unlawfully inserted liability release provisions into forms purporting to grant Defendants authority to obtain and use consumer report information for employment purposes. On its face, the FCRA forbids this practice, since it mandates that all forms granting the authority to access and use consumer report information for employment purposes must be "stand-alone" forms that do not include any additional agreements. Defendant's decision to include a liability release provision in its authorization forms is contrary to both the plain language of the FCRA and the unambiguous regulatory guidance provided by the FTC.

32. Courts that have addressed liability waivers placed in disclosure forms have agreed with the FTC that including such a waiver violates the FCRA's stand-alone disclosure requirement. *See, e.g., Singleton v. Domino's Pizza, L.L.C.*, No. DKC 11-1823, 2012 WL 245965, at *9 (D. Md. Jan. 25, 2012) (Stating that "both the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document."); *Reardon v. ClosetMaid Corp.*, No. 2:08-cv-01730, 2013 WL 6231606, at *10-11 (W.D. Pa. Dec. 2, 2013) (finding disclosure with liability waiver to be "facially contrary to the statute at hand, and all of the administrative guidance"); *Speer v. Whole Foods Market,* No. 8:14–cv–3035, 2015 WL 1456981 at *3 (M.D. Fla. Mar. 30 2015) (denying motion to dismiss FCRA claim, given that the disclosure form contained a release and other extraneous information); *Schoebel v. American*

*Integrity Ins. Co. of Fla.*, No. 8:15–cv–380, 2015 WL 3407895 at *6 (M.D. Fla. May 27 2015) (holding that if a disclosure contains a release, it violates the FCRA).

33. Defendant's violation was willful. Defendant willfully violated this requirement by failing to comply with both the plain language of the FCRA, well-established case law, and the unambiguous regulatory guidance provided by the FTC.

34. In fact, Defendant was required to first certify that it would comply with the requirements of the FCRA. To ensure knowing compliance with the FCRA, Congress requires that the employer must first certify to the consumer reporting agency that the employer shall comply with the disclosure, authorization, and if applicable, the adverse action requirements pursuant to 15 U.S.C. § 1681b(b)(1)(A). The consumer reporting agency may not procure a consumer report before this certification has been executed by the employer.

35. Upon information and belief, Defendant knowingly executed a certification providing that it would comply with the disclosure and authorization provisions provided by the FCRA.

36. Despite its certification, Defendant knowingly violated the FCRA by failing to comply with the Disclosure and Authorization requirements.

37. Further, Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and Consumer Financial Protection Bureau. Defendant obtained or had available substantial written materials, which apprised it of its duties under the FCRA.

38. Plaintiff was confused and distracted by the extraneous material contained in Defendant's disclosure. More specifically, Plaintiff was confused about her rights due to the

presence of the additional language contained in Defendant's disclosure form.

39. Plaintiff values her privacy rights. If Plaintiff had been aware that Defendant presented her with an unlawful disclosure form, Plaintiff would not have authorized Defendant to procure a consumer report and dig deep into her personal, private and confidential information.

40. Defendant knowingly violated 15 U.S.C. § 1681b(b)(2)(A)(i-ii) by failing to provide Plaintiff and the Putative Class with a copy of a document consisting solely of a disclosure stating that Defendant may obtain a consumer report on Plaintiff and the Putative Class for employment purposes, prior to obtaining a copy of their consumer reports.

**CLASS ACTION ALLEGATIONS**

41. Plaintiff assert claims pursuant to 15 U .S.C. §§ 1681b(b)(2)(A)(i)-(ii) in Count I and II of this Complaint on behalf of a ("Improper Disclosure and Authorization Class"), defined as:

> **Improper Disclosure and Authorization Class**: All employees and prospective employees of Defendant's in the United States who were the subject of a consumer report that was procured by Defendant within five years of the filing of this complaint through the date of final judgment in this action, and who did not receive a clear, conspicuous, separate form disclosure in writing, and did not authorize the procurement of the report in writing, as required under 15 U.S.C. § 1681b(b)(2)(A).

42. **Numerosity**: The Class is so numerous that joinder of all members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and current employees. Based on information and belief, the Class is comprised of at least thousands of members who are geographically dispersed throughout the country so as to render joinder of all Class Members impracticable. The names and addresses of the Class Members are identifiable through documents maintained by the Defendant, and the Class Members may be notified of the pendency of this action by published and/or mailed notice. Defendant represents to the public that Defendant's "screen and hire upwards of 25,000

candidates a year".

43. **Typicality**: Plaintiff's claims are typical of those of the members of the putative Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff in a manner consistent with its treatment of other Putative Class members under its standard policies and practices.

44. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Putative Class. Plaintiff's interests coincide with, and are not antagonistic to, other class members' interests. Plaintiff has retained counsel experienced in complex class action litigation.

45. **Commonality**: Common questions of law and fact exist as to all members of the Putative Class, and predominate over any questions solely affecting individual members of the Putative Class. These common questions include, but are not limited to:

a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

b. Whether Defendant's background check practices and/or procedures comply with the FCRA;

c. Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

d. Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

e. Whether Defendant's violations of the FCRA were willful;

f. The proper measure of statutory damages; and

g. The proper form of injunctive and declaratory relief.

46. This case is maintainable as a class action under Fla. R. Civ. P. 1.220(b)(1), because prosecution of actions by or against individual members of the Putative Class would

result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

47. This case is also maintainable as a class action under Fla. R. Civ. P. 1.220(b)(2), because Defendant has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

48. Class certification is also appropriate under Fla. R. Civ. P. 1.220(b)(3), because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class members' individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

49. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Fla. R. Civ. P. 1.220. The names and addresses of the Putative Class members are

readily available from Defendant's records.

**COUNT I – VIOLATION OF 15 U.S.C. § 1681b(b)(2)(A)(i)**
**Failure to Make Proper Disclosure in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(i)**

50. Plaintiff alleges and incorporates by reference the allegations of paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. In violation of the FCRA, the background check that Defendant required the Plaintiff and the Putative Class to complete as a condition of their employment with Defendant does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i), because Defendant failed to provide a stand-alone document pertaining to how the consumer report information would be obtained and utilized.

52. Defendant violated the FCRA by procuring consumer reports on Plaintiff and other Improper Disclosure and Authorization Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendant actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Improper Disclosure and Authorization Class members that Defendant might procure a consumer report on each of them for purposes of employment.

53. The foregoing violations were willful. Defendant knew that it was required to provide a stand-alone form prior to obtaining and then utilizing a consumer report on any of the Improper Disclosure and Authorization Class members. By failing to do so, Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Improper Disclosure and Authorization Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well

established in both the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained, or had available to it, substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer would know of, or could easily discover, the FCRA's mandates.

54. Plaintiff and the Improper Disclosure and Authorization Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

55. Plaintiff and the Improper Disclosure and Authorization Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

**COUNT II – VIOLATION OF 15 U.S.C. § 1681b(b)(2)(A)(ii)**
**Failure to Obtain Proper Authorization in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

56. Plaintiff alleges and incorporates by reference the allegations of paragraphs 1 through 49 of this Complaint as though fully set forth herein.

57. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Improper Disclosure and Authorization Class members without proper authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

58. The authorization requirement under 15 U.S.C. § 1681b(b)(2)(A)(ii) follows the disclosure requirement of § 1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an action if she does not grasp what that action entails." *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010); *see also United States v. DeFries*, 129 F.3d 1293, 1307 (D.C. Cir. 1997) ("[A]uthorization secured 'without disclosure of . . . material information' is a nullity.")

59. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Improper Disclosure and Authorization class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in both the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained, or had available to it, substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer would know of, or could easily discover, the FCRA's mandates.

60. Plaintiff and the Improper Disclosure and Authorization Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

61. Plaintiff and the Improper Disclosure and Authorization Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

**PRAYER FOR RELIEF**

***WHEREFORE***, Plaintiff, on behalf of and the Putative Class, prays for relief as follows:

(a) Determining that this action may proceed as a class action under Rule 1.220(b)(1), and (2) and (3) of the Florida Rules of Civil Procedure;

(b) Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

(c) Issuing proper notice to the Putative Class at Defendant's expense;

(d) Declaring that Defendant committed multiple, separate violations of the FCRA;

(e) Declaring that Defendant acted willfully in deliberate or reckless

disregard of Plaintiff's rights and its obligations under the FCRA;

(f) Awarding statutory damages as provided by the FCRA, including punitive damages;

(g) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

(h) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff and the Putative Class demand a trial by jury for all issues so triable.

Dated this 3rd day of August, 2018.

Respectfully submitted,

**BRANDON J. HILL**
Florida Bar Number: 0037061
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: twells@ wfclaw.com
**Attorneys for Plaintiff**